IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL JACOBO-ROSAS,

    Plaintiff,

v.                                                                                         No. 21-cv-0790 JCH-CG

ERIC ELSENHEIMER and
U.S. PUBLIC DEFENDERS OFFICE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Plaintiff Gabriel Jacobo-Rosas' Amended Civil Complaint (Doc. 8) (Amended Complaint). Also before the Court are his Motion to Proceed *In Forma Pauperis* (Doc. 3) and Motion to Proceed Under the RICO Act (Doc. 5). Plaintiff is incarcerated and proceeding *pro se*. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will grant the Motions but dismiss the Complaint with prejudice.

**I.    Background**

    Plaintiff is a federal pretrial detainee. His Amended Complaint seeks damages from the Federal Public Defender's Office (FPD) and his former defense attorney, Eric Elsenheimer (Counsel). *See* Doc. 8 at 1. Plaintiff alleges FPD and Counsel failed to adequately represent him in the federal criminal proceeding. Specifically, Plaintiff states:

    (a) FPD and Counsel have a contract with the United States and is therefore "loyal to the entity that pays it."

    (b) FPD and Counsel are guilty of racketeering, fraud, treason, plotting to overthrow the government, and plotting to "get guilty pleas from poor people."

    (c) FPD and Counsel refuse to report crimes by elected state officials.

(d) Counsel violated Plaintiff's right to a fair trial and due process by declining to raise speedy trial violations; declining to pursue suppression or pretrial release; and ignoring Plaintiff.

Based on these facts, Plaintiff seeks at least $2 million in damages from FPD and Counsel. *See* Doc. 8 at 4. Although the pleading is styled as a "Civil Complaint" and raises constitutional claims, Plaintiff filed a Motion to Proceed Under the RICO Act. *See* Doc. 5. The Motion clarifies that Plaintiff wishes to pursue damages under the criminal racketeering statute, 18 U.S.C. § 1962, rather than 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). The Court will grant the Motion (Doc. 5), even though no relief is available for the reasons set forth below. Plaintiff also filed an *In Forma Pauperis* Motion, which reflects he cannot afford to prepay the $402 filing fee. The Court will grant the *In Forma Pauperis* Motion (Doc. 3) and screen the Amended Complaint (Doc. 8).

**II.     Standards Governing Initial Review**

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* However, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. The Court cannot "supply additional facts, [or] construct a legal theory for [the plaintiff] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

### III. Discussion

The Amended Complaint seeks damages after FPD and Counsel allegedly violated federal law and Plaintiff's constitutional rights. Ordinarily, the Court would analyze such argument under "*Bivens* … - the federal analog to a § 1983 suit - which provides a "private action for damages against federal officers" who violate constitutional rights. *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013). However, Plaintiff only wishes to recover damages under the criminal racketeering act, 18 U.S.C. § 1962, and perhaps over criminal statutes such as 18 U.S.C. § 1031 (major fraud against the US); 18 U.S.C. 2381 (treason); and 18 U.S.C. § 2385 (advocating government overthrow). *See* Doc. 5 (Motion to Proceed Under the RICO Act). Such relief is unavailable, for several reasons. The federal criminal statutes cited by Plaintiff do not create a private right of action to recover damages. To the extent Plaintiff seeks to impose criminal penalties, "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). The Amended

Complaint therefore fails to state a claim under "RICO" or any statute cited by Plaintiff.

Alternatively, Plaintiff's allegations are mostly frivolous, regardless of the "civil" cause of action he pursues. Section 1915 "accords judges … the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions … describe[e] fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A case is not frivolous simply because it alleges facts that are "unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Rather, the facts alleged must "rise to the level of the irrational or the wholly incredible" and "lack[] an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 328. The idea that FPD and Counsel, a criminal defense attorney, are conspiring with the U.S. to violate Plaintiff's rights and overthrow the government meets this standard.

As to the claims that are not fantastical – such as the allegation that Counsel's performance was inadequate – such defects cannot be raised a civil proceeding. A pretrial detainee must address ineffective representation by seeking new counsel in the criminal case or filing a post-judgment habeas petition. *See U.S. v. Hutchinson*, 573 F.3d 1011, 1027 n. 3 (10th Cir. 2009) (ineffective assistance claims must be presented instead on collateral review). Plaintiff already obtained new a CJA attorney in the criminal case, and there is no basis for civil damages based on the former representation by FPD and Counsel. *See* Docs. 25, 83 in 20-cr-1693 DHU.

Based on the foregoing, the Court will dismiss the Amended Complaint under 28 U.S.C. § 1915(e) as frivolous and for failure to state a cognizable civil claim. *Pro se* prisoners are often given an opportunity to amend, if the pleading defects are attributable to their ignorance of federal law. *See Hall*, 935 F.2d at 1110. However, the Court need not *sua sponte* invite an amendment here because, as a matter of law, Plaintiff cannot recover damages based on his civil theories or

any ineffective representation in his criminal case. The Amended Complaint will therefore be dismissed with prejudice.

**IT IS ORDERED** that the Motion to Proceed *In Forma Pauperis* (**Doc. 3**) and the Motion to Proceed Under RICO (**Doc. 5**) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Gabriel Jacobo-Rosas' Amended Civil Complaint (**Doc. 8**) is **DISMISSED with prejudice** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e); and the Court will enter a separate judgment closing the case.

_____
SENIOR UNITED STATES DISTRICT JUDGE